# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Basil J. Kyles, ) | |
| ) | Civil Action No. 6:12-cv-03421-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Alex A. Chartier, Kenny Atkinson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On December 3, 2012, *pro se* Plaintiff Basil J. Kyles ("Plaintiff") filed this 42 U.S.C. § 1983 action (ECF No. 1), alleging that Defendants Alex A. Chartier and Kenny Atkinson (collectively referred to as "Defendants") violated the First Amendment by denying Plaintiff access to some of his religious study books. *Id.* at 5. Plaintiff has been granted leave to proceed *in forma pauperis* in this action. (ECF No. 9). This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 52), filed November 1, 2013, recommending that the court grant Defendants' motion for summary judgment (ECF No. 29).[1] For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Defendants' motion for summary judgment and **DISMISSES** Plaintiff's complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own and incorporates it herein. At the time of the incidents alleged in the

---

[1] The magistrate judge evaluated Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 29) as a motion for summary judgment. (*See* ECF No. 52 at 3). The court agrees that Defendants' motion should be construed as such.

1

complaint, Plaintiff was incarcerated at Federal Correctional Institution ("FCI") Edgefield, a facility managed by the Federal Bureau of Prisons ("BOP"). The Report stated as follows:

> In April 2011, the plaintiff was transferred by the BOP from FCI Otisville to FCI Edgefield, and his personal property was inventoried and transferred to FCI Edgefield as well (doc. 1-1, comp. at p. 6). Included with his property were approximately 19 books, most of which he describes as "religious study books" (*id.*; doc. 29-2, Chartier aff. ¶ 3). When he attempted to retrieve his personal property after arriving at FCI Edgefield, the plaintiff was advised that Warden Atkinson, upon the advice of Chaplain Chartier, would only permit him to keep five of the books in his possession (doc. 1-1, comp. at pp. 6–7; doc. 29-2, Chartier aff. ¶ 3). In denying the additional books, the defendants referred to BOP Program Statement 5580.07, Inmate Personal Property ("P5580.07"), which limits inmates to possession of five books at any one time, but does further permit an inmate additional books if they are "education, religious study materials, and correspondence materials pertaining to current course work" (doc. 29-2, Chartier aff. ¶ 4 & attach. A, P5580.07 at p. 6).
>
> The plaintiff filed an Informal Resolution Form, claiming that he was taking a religious correspondence course and needed all of the withheld books for his studies (doc. 29-1, Lathrop aff. ¶ 3 & attach. A at p. 1). Defendant Chartier then allowed four more books to be released to the plaintiff on August 23, 2011, but denied him possession of the remaining books (*id.* attach. A at p. 2; doc. 29-2, Chartier aff. ¶ 6). According to the defendant Chartier, the remaining books were either not specifically needed for the correspondence courses or were books that are maintained in the institution chapel library, which are available for the plaintiff's use during the chapel library hours (doc. 29-2, Chartier aff. ¶ 6). Furthermore, the plaintiff could trade for different books when he finished with those currently in his possession (*id.* ¶ 7). Defendant Chartier testifies in his affidavit that P5580.07 limits the number of items an inmate can possess, including books, due to space concerns, fire hazards, security risks, and sanitation problems (*id.* ¶ 5).
>
> Thereafter, two letters purporting to be from Carol Brewer, an individual associated with the plaintiff's correspondence course, were received by the defendants. The letters requested that the books be returned to the plaintiff (doc. 1-2, comp., ex. 1; doc. 29-2, Chartier aff. ¶ 8 & attach. B). These requests were denied.
>
> After exhausting his administrative remedies, the plaintiff filed this action alleging that the defendants have violated his "right to freedom of religion, by refusing to give [him] all of his religious study books that are related to his furthering his religious education via correspondence courses, and in general"

> (doc. 1, comp. at p. 5).  He seeks monetary damages and a declaratory judgment that the defendants give him the rest of his religious study books (doc. 1-2, comp. at p. 11).
>
> On March 18, 2013, the defendants filed a motion to dismiss, or in the alternative, for summary judgment (doc. 29).  By order filed the next day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss and summary judgment procedure and the possible consequences if he failed to respond adequately.  On April 26, 2013, the plaintiff filed a response in opposition (doc. 43).  The defendants then filed a reply on April 29, 2013 (doc. 45).  The plaintiff filed a surreply on May 14, 2013 (doc. 46).

(ECF No. 52 at 1–3).

The magistrate judge issued the Report on November 1, 2013, recommending that the court grant Defendants' motion for summary judgment. *Id.* at 7.  The magistrate judge explained that under *Turner v. Safley*, 482 U.S. 78 (1987) courts apply a four-factor analysis to a claim which asserts that prison officials are violating the Free Exercise Clause of the First Amendment. *Id.* at 4.  The Report stated that courts must consider:  "(1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest; (2) whether the inmate has an alternative means of exercising the right in question; (3) what impact the requested accommodation would have on prison officials, staff, other inmates, and prison resources; and (4) whether easy and obvious alternatives exist that indicate that the regulation is an exaggerated response by prison officials." *Id.* at 4 (citing *Turner*, 482 U.S. at 89–92).

The Report concluded that Plaintiff's claim failed under the *Turner* analysis. *Id.* at 5–6. Specifically, the magistrate judge found that the prison's program statement P5580.07, which limited the number of books each prisoner could possess, was legitimately related to goals of prison management, safety, and sanitation. *Id.* at 5.  The Report concluded that Plaintiff's alternative means of accessing his religious books would be to complete one of the books he already possesses and exchange it for a new book or to utilize the books that are available in the

chapel library. *Id.* The magistrate judge further noted that prison officials are allowed discretion to manage prison space, security, and hazard concerns. *Id.* And finally, the magistrate judge did not find any evidence that would indicate that program statement P5580.07 was an exaggerated response to a problem for which easy and obvious alternatives exist. *Id.*

On November 25, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 54). In his Objections, Plaintiff states that the correct regulation governing prisoner property is program statement P5580.08 as opposed to P5580.07. *Id.* at 2. Plaintiff states that program statement P5580.08 does not contain any discretionary language that would allow Defendants to deny Plaintiff some of his course books. *Id.* at 3. Plaintiff contends that the magistrate judge has impermissibly weighed evidence and taken as true Defendant Chartier's determination that Plaintiff did not need the withheld books to complete the correspondence course in which Plaintiff was enrolled. *Id.* at 2–3. Accordingly, Plaintiff maintains that there is a genuine dispute as to whether Plaintiff was in need of the books for his course. *Id.* at 3.

Defendants filed a reply to Plaintiff's Objections on December 11, 2013. (ECF No. 60). Defendants argue that the question of whether Plaintiff needed all of the books is irrelevant for the purposes of the court's evaluation of the summary judgment motion. *Id.* at 2. Defendants state that the court's analysis should focus on whether Defendants had a legitimate interest in limiting the number of books Plaintiff possessed for his coursework and whether Plaintiff had an alternative means by which to access those books. *Id.* Defendants also insist that the program statement they cited P5580.07 was the program statement in effect during the incidents in question. *Id.* at 3.

On January 13, 2014, Plaintiff filed a surreply to Defendants' reply. (ECF No. 61). In his surreply, Plaintiff reiterates that the question of whether he needed all of the books for his

4

course is a triable issue. *Id.* at 2. Plaintiff also persists that program statement P5580.08 governed the prison officials' behavior throughout the time period in which they withheld his books. *Id.* at 3.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

**<u>Summary Judgment</u>**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477

U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party.  *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).  In ruling on a motion for summary judgment, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *See id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *See Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

The record includes a copy of program statement P5580.07, but it does not include statement P5580.08.  However, the court has inferred from Plaintiff's reference to program

statement P5580.08 that there is no critical difference between the two statements.  (*Compare* ECF No. 29-2 at 10 *with* ECF No. 54 at 2).  Both statements provide that "Education program materials or current correspondence courses *may* be retained[.]"  (ECF No. 29-2 at 10; ECF No. 54 at 2) (emphasis added).  Plaintiff argues that given this policy, Defendants had no discretion to withhold any of his correspondence course books.  (ECF No. 54 at 2).  The court disagrees.

By virtue of the use of the term "may", the court finds the program statement grants the prison officials latitude to determine the number of course materials that an individual prisoner is allowed to possess.  Moreover, the court concurs with the magistrate judge that to reason otherwise would be to conclude that the policy  "allow[s] an inmate to possess an excessive number of such books at any one time…[and] would circumvent the stated purpose and reason for the regulation itself."  (ECF No. 52 at 5).  Therefore, the court finds Plaintiff's objection regarding the content of the program statement and the discretion it allows is without merit.

Additionally, the court disagrees with Plaintiff's contention that the issue of whether he needed all of his books precludes the granting of summary judgment in favor of Defendants.  As Defendants highlight in their reply, the court's analysis of Plaintiff's claim is grounded in the *Turner* factors.  Plaintiff has alternative means by which to access his books.  Moreover, Defendants have demonstrated that their limits on the number of books Plaintiff can possess are rationally related to their legitimate interests in prison management, safety, and sanitation. Plaintiff has not demonstrated that a genuine issue exists with regard to these first two factors of the *Turner* analysis or the last two factors.  Consequently, Defendants are entitled to summary judgment for this action.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 52). Defendants' motion for summary judgment (ECF No. 29) is thereby **GRANTED** and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 13, 2014
Greenville, South Carolina